# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FREY, | ) 1:09cv02037 DLB |
| | ) |
| Plaintiff, | ) ORDER REGARDING |
| | ) MOTION FOR ATTORNEY FEES PURSUANT |
| v. | ) TO 42 U.S.C. § 406(b). |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) (Document 17) |
| | ) |
| Defendant. | ) |

Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Gary Frey ("Plaintiff"), filed the instant motion for fees on December 20, 2011. Counsel requests fees in the amount of $17,603.35 pursuant to 42 U.S.C. § 406(b)(1). Defendant did not file a response.

**BACKGROUND**

Plaintiff filed his Social Security Complaint on November 19, 2009. On June 30, 2010, pursuant to the stipulation of the parties, the Court remanded the action for further proceedings. On September 1, 2010, also pursuant to the stipulation of the parties, the Court awarded the payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,800.00.

On September 23, 2011, the Administrative Law Judge issued a fully favorable decision finding Plaintiff disabled since May 15, 2007. Exhibit 2, attached to Motion. Plaintiff was awarded a total of $70,413.40 in past-due benefits. Of this amount, the Commissioner withheld

1

1  approximately 8.5% of the past-due benefit award, or,$6,000 for attorney fees.[1]  Exhibit 3,

2  attached to Motion.

3      By this motion, Counsel seeks an award of $17,603.35 for 20.25 hours of attorney time.[2]

4  After crediting $2,800.00 received previously pursuant to the EAJA, Counsel requests a net fee

5  of $14,803.35 from the past-due award.

## DISCUSSION

7  42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

11  In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a

12  district court reviews a petition for section 406(b) fees "as an independent check" to assure that

13  contingency fee agreements between claimants and their attorneys will "yield reasonable results

14  in particular cases."  The Court must respect "the primacy of lawful attorney-client fee

15  agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for

16  reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).

17  Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of

18  the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary. . . the

19  attorney for the successful claimant must show that the fee sought is reasonable for the services

20  rendered." *Id*.

21      In determining the reasonableness of an award, the district court should consider the

22  character of the representation and the results achieved.  *Id.* at 808.  Ultimately, an award of

23  section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. §

24  2412; *Gisbrecht*, 535 U.S. at 796.

---

[1] The Notice of Award provides, "we usually withhold 25 percent of the total past-due benefits to pay an approved representative's fee. We withheld $6,000.00 from your past-due benefits to pay the representative." Exhibit 3, p.3, attached to Motion.

[2] Legal work was performed by attorneys Sengthiene Bosavanh and Ralph Wilborn.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is competent and secured a successful result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests no more than the 25 percent contingent-fee that Plaintiff agreed to at the outset of the representation. Exhibit 1, attached to Application. The $17,603.35 fee ($14,803.35 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $70,413.40. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

The Court further finds that the requested fees are reasonable when compared to the effectiveness of the work performed. Counsel prepared a confidential letter brief, which resulted in a stipulated remand. Further, Ms. Bosavanh and Mr. Wilborn submitted detailed billing

///
///
///
///
///
///

statements to support the fee request.  Exhibits 4 and 5, attached to Motion.

**ORDER**

Based on the foregoing, the Court GRANTS the Motion and AWARDS fees pursuant to 406(b) in the amount of $17,603.35.  This amount should be payable directly to Sengthiene Bosavanh.  Upon receipt of payment, Ms. Bosavanh is directed to refund $2,800.00 directly to Plaintiff.

IT IS SO ORDERED.

**Dated:   February 9, 2012**                    /s/ **Dennis L. Beck**
                                                                                    UNITED STATES MAGISTRATE JUDGE